# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4716-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

M.E.,[1]

    Defendant-Appellant.

_____

Submitted August 5, 2019 – Decided August 9, 2019

Before Judges Sabatino and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 08-04-0703.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief.)

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief.)

---

[1] We use initials to protect the privacy of the victims.

PER CURIAM

Defendant M.E. appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons stated by Judge John A. Young, Jr. in his cogent written opinion, but remand for a correction of the judgment of conviction (JOC), consistent with his oral order.

Because Judge Young's opinion thoroughly and correctly addressed all of defendant's PCR issues, a brief summary will suffice. In January 2008, defendant stood naked, thrusting his hips in front of a large picture window of his second-floor Harrison apartment. Two girls under the age of sixteen observed him. Following his arrest, defendant was charged in a nine-count Hudson County indictment. Thereafter, defendant pled guilty to one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), pursuant to a negotiated plea agreement with the State.

In October 2008, the court imposed a three-year suspended sentence with various conditions, including outpatient sex offender treatment. Defendant also was ordered to comply with Megan's Law and was subject to Parole Supervision for Life (PSL). The court dismissed the remaining counts of the indictment

A-4716-17T1

pursuant to the plea agreement. Defendant did not file a direct appeal, nor did he file a motion to vacate his guilty plea.

More than eight years later, defendant filed pro se the PCR petition under review. Defendant claimed he was "somehow" sentenced to PSL and Megan's Law, but that these conditions were not set forth in the JOC.[2] Appointed PCR counsel elaborated that plea counsel's performance was deficient by failing to explain the conditions of PSL and Megan's Law, and failing to review discovery and discuss with defendant potential defenses and motions. Defendant also claimed he was entitled to withdraw his guilty plea under State v. Slater, 198 N.J. 145 (2009), because "he was denied effective assistance of counsel and . . . did not understand the penal consequences of his plea."

On appeal, defendant primarily renews the arguments he made before the PCR court. More particularly, he contends:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO

---

[2] During oral argument, the PCR judge noted the JOC did not accurately set forth defendant's suspended sentence nor the collateral consequences of his plea, and ordered that the JOC should be amended accordingly. Because the parties did not provide an amended JOC on appeal, nor otherwise indicate the JOC was amended, we remand for the limited purpose of correcting the JOC.

A-4716-17T1

INFORM HIM ADEQUATELY OF THE REQUIREMENTS AND CONSEQUENCES OF PAROLE SUPERVISION FOR LIFE, AND FAILING TO REVIEW HIS DEFENSES AND DISCOVERY WITH HIM.

POINT TWO

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT]'S CLAIM THAT HIS GUILTY PLEA MUST BE SET ASIDE UNDER STATE V. SLATER, 198 N.J. 145 (2009).

POINT THREE

IN THE ALTERNATIVE, [DEFENDANT]'S GUILTY PLEA MUST BE SET ASIDE.

POINT FOUR

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S PETITION WAS TIME BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF . . . DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

We have carefully considered these arguments, in light of the applicable law, and conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set

4

forth by Judge Young in his well-reasoned written decision, and add the following brief remarks.

In order to establish a prima facie claim, a defendant's petition must satisfy the time limits for filing a claim. See State v. Echols, 199 N.J. 344, 357 (2009). Rule 3:22-12(a)(1) provides that a defendant's first petition for PCR shall be filed no more than five years after the entry of the JOC. Subsection (A) of the Rule permits a PCR court to relax the five-year time bar if the petition alleges facts demonstrating the filing was untimely due to defendant's excusable neglect and there is a reasonable probability that, if defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice. Nonetheless, "[t]he concept of excusable neglect encompasses more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). If the petitioner fails to allege sufficient facts, the Rule bars the claim. State v. Mitchell, 126 N.J. 565, 576 (1992).

Here, the JOC was entered in October 2008, and defendant's PCR petition was filed more than eight years later in January 2017. Defendant asserts he established excusable neglect because "he did not understand the consequences of his plea . . . and there would be a fundamental injustice if a court did not

5

reach the merits of [his] petition." As Judge Young aptly recognized, however, defendant's claims are nothing more than bald assertions. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Indeed, defendant failed to file an affidavit or certification to support those assertions. According to the judge, defendant "has been compliant with the terms of his [PSL] since he was sentenced in 2008[,]" and "never expressed to the [c]ourt on the record or in writing that he did not understand [PSL] in the more than [eight] years that he ha[d] been complying with the requirement."

Moreover, the record belies defendant's claims. For example, at the plea hearing, defendant acknowledged he would "be placed on Parole Supervision for the remainder of [his] life." Contrary to defendant's contention, the plea form specifically states he would be subject to PSL (and Megan's Law) in his answer to question thirteen. Defendant's initials are placed next to that paragraph and on the bottom of the same page.

Defendant also acknowledged he "had enough time to discuss this case, its facts, it[]s circumstances, as well as [his r]ights and any defenses that [he] might have to this charge with [his] lawyer before deciding to plead guilty[.]" Further, he said he did not have "any remaining questions" for his plea counsel or the court "regarding the terms or conditions of the [plea a]greement."

Because defendant failed to establish excusable neglect for his untimely filing, and his assertion that enforcement of the time bar would result in a fundamental injustice finds no support in the record, the judge correctly determined defendant's PCR petition was barred under Rule 3:22-12(a)(1). For those same reasons, we also agree with Judge Young's ensuing analysis of the merits of defendant's contentions, and the judge's ultimate conclusion that defendant's claims were unsupported by the record. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. State v. Preciose, 129 N.J. 451, 462 (1992); R. 3:22-10(b).

Nor are we persuaded by defendant's alternate arguments that we should remand this matter for findings of fact and conclusions of law regarding defendant's belated Slater[3] argument, or vacate his guilty plea. Piggybacking

---

[3] In Slater, our Supreme Court set forth four factors for courts to consider in deciding a defendant's motion to withdraw a guilty plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. at 157-58. Where, as here, the application is post-sentence, a defendant must demonstrate that a "manifest injustice" occurred. Id. at 158. "[E]fforts to withdraw a plea after sentencing must be substantiated by strong, compelling reasons." Id. at 160 (citing R. 3:2-1).

on his ineffective assistance of counsel claim, defendant claims he should be permitted to withdraw his plea because his attorney failed to inform him of the PSL consequences of his plea. As we stated above, Judge Young correctly concluded defendant's claims were nothing more than bald assertions. The judge also expressly recognized defendant "never claimed innocence of the charges." See Slater, 198 N.J. at 158. Although the judge did not specifically address each Slater factor in denying defendant's untimely petition on the merits, we are satisfied from our review of the record, that defendant's application failed to satisfy those factors and failed to demonstrate a manifest injustice occurred. See State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)) ("[W]here[, as here,] the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record.").

Affirmed in part, remanded solely for the entry of a corrected JOC. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4716-17T1